Abele, J., concurring:
{¶143} I agree with the principal opinion's disposition of the appellants' assignments of error and affirmance of the trial court's judgment. I write separately to *51 comment about what appears to be a disturbing trend of elaborately crafted opening statements that utilize power-point projections, photographs that the prosecution expects to be admitted into evidence and other visual aids.
{¶144} Generally, the purpose of an opening statement is to provide the trier of fact a brief outline or preview of the evidence expected to be presented at trial. Comments about the scheduled witnesses, their expected testimony and the elements of the charged crimes are, of course, appropriate and provide the trier of fact with an important framework about the evidence that will be presented. In the case sub judice, however, during opening statement the prosecution projected the word "GUILTY" in large letters on a screen. Although I recognize that this tactic has been used in other courts, this strikes me as a not-so-subliminal message to each juror about their expected role in the proceeding. Also, the prosecution's opening statement included a hospital bed photograph that depicted the child victim's severe trauma. This photograph had not yet been, at this juncture, admitted into evidence. In my view, a party making an opening statement should not display objects that the party anticipates might be admitted into evidence, but has not yet been marked as an exhibit, identified by a witness with knowledge and properly admitted into evidence. Obviously, unforeseen events could arise that could result in the court rejecting a party's request to admit an exhibit into evidence.
{¶145} Finally, I presume that defendants must now be permitted to engage in some sort of pretrial discovery practice to determine the exact nature of the visual aids that the prosecution intends to use during opening statement. This will allow a defendant to prepare a competing number of visual aids to counterbalance the impression the prosecution will attempt to create with the jury. To me, however, this is a waste of time and judicial resources.
{¶146} In the end, although I recognize these tactics may not always rise to the level of reversible error, I nevertheless believe that the best policy is for courts to exercise their discretion and limit these elaborate opening statement presentations. The ends of justice will be better served in this manner.